FILED
 2015 Jun-01 PM 02:57
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MARIAN A. BLOCKER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **CASE NO.  2:14-CV-0474-SLB** |
| ) | |
| REPUTATION.COM; SPOKEO.COM; ) | |
| TYLER STAMPFLI; WELL FARGO, ) | |
| N.A.; U.S. ATTORNEY'S OFFICE IN ) | |
| OXFORD, MISSISSIPPI; CITY OF ) | |
| TUPELO; STATE OF MISSISSIPPI; ) | |
| TUPELO POLICE DEPARTMENT; ) | |
| LEE COUNTY CIRCUIT COURT ) | |
| JUDGE; LIFE LOCK; FT. COLLINS, ) | |
| COLORADO POLICE DEPARTMENT; ) | |
| FEDERAL JUDGES OF THE ) | |
| NORTHERN DISTRICT OF ) | |
| MISSISSIPPI, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This case is presently before the court on plaintiff Marian Blocker's In Forma Pauperis Affidavit, (doc. 2),[1] which the court deems to be Blocker's Motion for Leave to Proceed *In Forma Pauperis* and for appointment of an attorney.  For the reasons set forth below, Blocker's Motion for Leave to Proceed in Forma Pauperis and for Appointment of an Attorney is due to be denied and this case will be dismissed with prejudice.

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

Blocker has filed a General Complaint Form for Pro Se Litigants, (doc. 1), in which she alleges:

> I went to all mentioned and listed parties for aid [and] assistance [and] wasn't helped [with] everything being "flipped" ending in my being charged [with] felony fraud and false pretenses. All of this stemmed from hacking/theft of information by [defendant] Stampfli [with defendant] Wells Fargo knowing about everything [and] doing nothing. Reports were [filed] with Tupelo [Police Department], Lifelock, [Mississippi Attorney General's] Office, FBI, FTC [and] FCC [with] nothing being done as well as [with] Ft. Collins [Police Department] Financial Crimes [Division]. Tupelo [District Attorney's] Office used said stolen materials to illegally charge [and] extort [money] out of myself [with] the aid of [Tupelo Police Department] Det. McKinney [and] all [four] Circuit Judges.

(Doc. 1 at 3.)  Blocker asserts that defendants are incorporated in "MS, AL, CA, CO, AZ," and refers the court to her attachments and enclosures, (*id*. at 1), which total 346 pages, (*see* docs. 1-1 to 1-40; *see also* docs. 3-1 to 3-3 [adding an additional 54 pages of exhibits]).

As part of her "attachments and enclosures" Blocker included a report from Detective Daniel McKinney of the Tupelo Police Department, which describes the following incident underlying this case:

> On 2/27/2013 Tyler Stampfli deposited $1350.00 in the account of Marian Blocker. Tyler believed he was purchasing a radio. The website that he attempted to [buy] the radio from was a fictitious site. The person he was communicating with about the radio requested he transfer the money into an account with the account number, routing number and name of Marian Blocker. After transferring the money the item was never received by Stampfli. Contact was made between Stampfli and Blocker with Blocker admitting to receiving the money. She claims that she was "hacked". Blocker also admitted to spending the money. I made contact with Blocker via phone and she also advised me that she did receive the money but did not know

where the money was from.[2] I informed her that funds were placed into her account by fraudulent transactions and I requested that she return the money to Tyler. She has refused to return the money.

(Doc. 1-10 at 8 [footnote added].)

Section § 1915(e)(2) requires the court to screen complaints before granting leave to proceed without prepayment of fees. It states:

> [T]he court shall dismiss the case at any time if the court determines that--
>
> > (A) the allegation of poverty is untrue; or
> >
> > (B) the action or appeal--
> >
> > > (i) is frivolous or malicious;
> > > (ii) fails to state a claim on which relief may be granted; or
> > > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e).

The court notes that this matter is due to be dismissed because this court does not have venue. Under federal law:

> A civil action may be brought in –

---

[2] McKinney's report of this phone conversation states:

> During our phone conversation [Blocker] admitted to receiving the money and spending the money. She claims that she had nothing to do with the "scam" and states that she is also a victim of ID Theft. . . . I requested that she return the money to Stampfli. Blocker advised me that it was not her problem that money was placed in her account and does not feel it is her responsibility to return the money.

(Doc. 1-10 at 10.)

>   (1)  a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
>   (2)  a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
>   (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The court notes that Stampfli resides in Colorado and the Tupelo and Mississippi defendants reside in Mississippi. Therefore, the Northern District of Alabama does not have venue pursuant to § 1391(b)(1) because ***all*** the defendants do not reside in Alabama. Also, ***none*** of the events or omissions giving rise to Blocker's claims occurred in the Northern District of Alabama. Therefore, this court does not have venue pursuant to § 1391(b)(2). Finally, nothing in the record indicates that this case could not be filed in Mississippi. Therefore, this court does not have venue pursuant to § 1391(b)(3).

The court also notes that Blocker's claims are frivolous. She contends that the defendants did not aid and assist her when she claimed hacking and theft of information arising from the mistaken deposit of funds into her account. First, the court notes that the governmental defendants had no general duty to assist her. *See generally Town of Castle Rock v. Gonzales*, 545 U.S. 748 (2005). Second, Blocker had no right to keep the money mistakenly deposited into her account. The documents submitted with her Pro Se Complaint Form show that she was indicted after she admitted that she had withdrawn the money and

after she refused to repay it. Indeed, Mississippi law requires Blocker to repay Stampfli the funds he mistakenly deposited into her account. *See Lyons v. Misskelley*, 759 F. Supp. 324, (S.D. Miss. 1990). The law provides Blocker no cause of action against these defendants[3] based on injuries she suffered as a result of her failure to give Stampfli back his money.[4]

Because Blocker has failed to state a claim for relief and because venue is improper in this court, Blocker's Motion for Leave to Proceed *In Forma Pauperis* and for Appointment of an Attorney is due to be denied and her claims against all defendants will be dismissed without prejudice. An Order denying Blocker's Motion for Leave to Proceed *In Forma Pauperis* and for appointment of an attorney and dismissing her claims will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 1st day of June, 2015.

*/s/ Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
SENIOR UNITED STATES DISTRICT JUDGE

---

[3]Because the court finds that Blocker has failed to state a claim for relief, the court makes no finding as to whether some or all of the governmental defendants are entitled to immunity – either absolute or qualified.

[4]The court makes no finding as to whether the State of Mississippi could prove that Blocker was responsible for the scheme that induced Stampfli to deposit his money into Blocker's account as charged in the Indictment. (*See* doc. 1-10 at 1.)